UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.G. *by and through his guardian ad litem, Yubiel Magana*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE; JORGE AREVALO; and DOES 1 TO 50 inclusive,<br><br>Defendants. | CASE NO.: 1:22-cv-01133-HBK<br><br>ORDER GRANTING APPLICATION TO APPOINT GUARDIAN AD LITEM<br><br>Doc. No. 3.<br><br>ORDER DIRECTING CLERK TO CORRECT CAPTION |

Petitioner Yubiel Magana, through counsel, filed an application for the Court to appoint Yubiel Magana as guardian ad litem for the minor Plaintiff, H.G. on September 7, 2022. (Doc. No. 3). The Court grants the application.

Federal Rule of Civil Procedure 17 provides for a representative of a minor to sue or defend on a minor's behalf. Fed. R. Civ. P. 17(c). Similarly, the Local Rules of this Court, in pertinent part, states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor ... the attorney representing the minor or

> incompetent person shall present ... a motion for the appointment of a guardian ad litem by the Court, or ... a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Local Rule 202(a)  (E.D. CA. March 1, 2022).

Appointment of a guardian ad litem is not a mere formality because the guardian "is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  The purpose of the guardian ad item is to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).   A "guardian ad litem need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (citations omitted).

The court has considered the application of Yubiel Magana for appointment as guardian ad litem for H.G., the minor Plaintiff.  Yubiel Magana is not a party to the instant action.  (*See generally* Doc. No. 1).  She is the parent and caregiver of H.G.  (Doc No. 1 at 2; Doc. No. 3 at 3). The Court does not find any apparent conflict of interest or any other factors that demonstrate such appointment is not in the best interests of the minor Plaintiff.

Accordingly, it is **ORDERED**:

1. The application to appoint a guardian ad litem for the minor Plaintiff (Doc. No. 3) is **GRANTED** and Yubiel Magana is appointed as Plaintiff H.G.'s guardian ad litem.
2. The Clerk of Court shall correct the docket to reflect only the minor Plaintiff's initials "H.G."

Dated:   September 21, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28