UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.G., by and through his Guardian ad Litem Yubiel Magana,<br><br>Plaintiff,<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:22-cv-01133-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(Doc. No. 27) |

Before the Court is a Petition for Approval of Minor's Compromise filed by minor Plaintiff H.G., by and through his mother and guardian ad litem Yubiel Magana ("Plaintiff").[1] (Doc. No. 27). Having considered the unopposed petition, the terms of the settlement, and the record in this matter, the undersigned finds that the proposed settlement agreement and the method of disbursement is fair and reasonable. For the reasons that follow, the undersigned recommends granting Plaintiff's Petition for Minor's Compromise.[2]

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022). *See also* Doc. No. 28.

[2] Because Defendant filed no opposition and the memorandum in support of the petition adequately sets forth the information required under Local Rule 202(b), there is good cause to approve the settlement without a hearing.

**I.  BACKGROUND**

On September 7, 2022, minor Plaintiff H.G., by and through his mother and guardian ad litem Yubiel Magana, filed a Complaint alleging personal injuries to H.G. as a result of negligence by a United States Postal Service employee. (*See* Doc. No. 1). On September 22, 2022, the Court appointed Yubiel Magana as H.G.'s guardian ad litem. (Doc. No. 6).

On July 6, 2023, the parties participated in a settlement conference before Magistrate Judge Dennis M. Cota, and the parties reached a settlement. (Doc. No. 24). Plaintiff H.G., through her guardian ad litem, filed the instant petition for minor's compromise on August 3, 2023. (Doc. No. 27). The Court ordered Plaintiff to file a supplement in compliance with Local Rule 202(b)(2), which was filed on September 18, 2023. (Doc. Nos. 29, 30). Defendant did not file any opposition or response to either the petition or supplement. (*See* docket).

**II.  APPLICABLE LAW**

The Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship

2

to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

Federal Rule of Civil Procedure 17(c) similarly imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

### III. ANALYSIS

The petition for approval of the settlement on behalf of the minor H.G., along with the supplemental disclosures ordered by the Court, set forth the information required by Local Rule 202(b)(2). Plaintiff H.G. is a male minor, presently nine years old, who asserts through his guardian ad litem that he was injured as a result of negligence by a United States Postal Service employee. (Doc. No. 27 at 5). The petition explains that on December 30, 2019, just before 2:00 p.m., H.G. was "ran over by a postal mail truck being operated by postal worker Jorge Arevalo. The front of the mail truck struck H.G. and knocked him to the asphalt. As the mail truck continued to move forward, its tires rolled over the wheels of the bike and crushed H.G. between the undercarriage of the truck and the bike. H.G. and the bike were dragged over five feet as the mail truck came to a stop on the shoulder. H.G. remembers being trapped and dragged." (*Id*. at 3, 5).

H.G.'s uncle, Miguel Gutierrez, pulled H.G. out from under the mail truck. (*Id*. at 4-5). H.G.'s aunt, Maria Ayala, called 911, but H.G. was too scared to get in the ambulance, and was driven to Adventist Medical Center by Maria Ayala. (*Id*.). The hospital completed x-rays of

H.G.'s right wrist, right hand, and right femur; and CTs of his brain, facial bones, cervical spine, chest, abdomen, and pelvis. The tests revealed loss of cervical lordosis consistent with a neck sprain, and the CT of his liver revealed a large irregular hyperdense focus consistent with a hematoma of the right lobe. (*Id*. at 5-6). H.G. was transferred to Valley Children's Hospital with suspected internal injuries, and testing indicated a significant laceration to his liver and a punctured right lung. (*Id*. at 6). "H.G. was not only traumatized from being hit and trapped underneath the mail truck, he was [also] in extreme pain, did not like the feeling of pain medications, and just wanted to go home." (*Id*.). H.G. was in the hospital until January 2, 2020, and instructed to have no movement for 6 weeks and no heavy activity for 16 weeks. (*Id*.).

H.G.'s pulmonary symptoms resolved, but he continued to have gastrointestinal issues including pain, diarrhea, difficulty controlling bowel movements, and stomach bloating. (*Id*. at 7). The initial petition indicates that H.G.'s stomach issues have resolved with time but he still has nightmares and anxiety. (*Id*.). In the requested supplement, Petitioner responds that H.G.'s physical conditions have resolved and his "current ongoing complaint is limited to residual anxiety around cars"; but "[t]here are no medical records and/or expert reports that exist which support the minor's ongoing anxiety." (Doc. No. 30 at 1).

**A . Terms of Settlement**

The total settlement in this case is $90,000.00. (Doc. No. 27 at 2, 9). According to the petition, Medi-Cal and Adventist Health are seeking reimbursement for benefits paid for the medical treatment of H.G. in the amount of $9,810.58 and $15,000.00, respectively; and CRME has an outstanding balance of $783.70. (*Id*. at 8, 11). Thus, after the payment of attorney fees and costs, discussed below, H.G. will receive a $39,825.83 share of the settlement proceeds. (*Id*. at 9). Petitioner requests the Court to approve purchase of an annuity from JMW Settlements LLC in the amount of $30,000.00 for the benefit of the minor which will yield a total payout of $48,000.00 over a 3-year period when the minor turns 19. (*Id*. at 9, 39). Petitioner additionally requests that $1,000.00 of the settlement funds be released to guardian ad litem and H.G.'s mother Yubiel Magana to obtain a place of residence, and the remaining balance of $8,825.83 be placed in a blocked account at Noble Credit Union in Fresno, California, where the balance

1  cannot be withdrawn prior to H.G.'s eighteenth birthday absent court approval.  (Doc. No. 27 at

2  9-10, 13-14, ¶9; Doc. No. 30).

### B. Proposed Attorney Fees and Costs

Plaintiff is represented by Rene Turner Sample of Freedman Law.  Plaintiff H.G., through his guardian ad litem, entered into a retainer agreement with his attorney in which he agreed to 25% attorney fees after costs.  (Doc. No. 27 at 19, 41-49).  Thus, out of H.G.'s share of the settlement proceeds, Plaintiff's counsel will be awarded $2,079.89 in costs and $22,500.00 in attorney fees. (*Id.* at 9).  Plaintiff's counsel represents to the Court that she did not become involved in this matter at the request of any party against whom the cause of action is asserted, does not represent and is not employed by any party or insurance carrier involved in the present matter, and the only compensation Plaintiff's counsel will receive is the agreed upon contingency fee requested.  (*Id.* at 11-12).

Based upon the actions taken by counsel, and the fact that Plaintiff's guardian ad litem indicates her assent to the fees and costs requested, the Court finds the award is fair and reasonable.  (*See id*. at 14, ¶11).

### C. Recovery in Similar Actions

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the minor's claims is reasonable.  *See Robidoux*, 638 F.3d at 1181; *Salmeron v. U.S*., 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of minor's claims to assure itself that the minor's interests are protected" even if the settlement is recommended by the minor's parent or guardian ad litem).

Here, neither the petition nor the supplement identifies similar actions to support approval of the minor's compromise.  (*See generally* Doc. Nos. 27, 30).  Regardless, after independent review of similar actions in this district, the undersigned finds the recovery is appropriate considering the amounts received in other actions.  *See, e.g., D.B. v. City of Sacramento*, 2020 WL 8910843 (E.D. Cal. Apr. 16, 2020) (approving $60,000.00 settlement award to minor hit by

1  police vehicle that jumped onto the curb, resulting in minimal physical injury including scrapes,
2  bruises, and a sprained ankle); *Rivett v. United States of America*, 2023 WL 4238909 (E.D. Cal.
3  June 28, 2023) (approving $64,000.00 settlement award to minor involved in motor vehicle
4  accident with AmeriCorps vehicle); *De La Cruz v. U.S. Postal Service*, 2010 WL 319670 (E.D.
5  Cal. Jan. 20, 2010), *adopted by* 2010 WL 624432 (E.D. Cal. Feb. 17, 2010) (approving award of
6  $5,000.00 to each minor involved in motor vehicle accident with vehicle driven by United States
7  Postal Service employee where liability was not clear and both plaintiffs made a full recovery).

Based on the information provided in the petition, supplement, the supporting documents, and considering the totality of the facts and circumstances of this case, the undersigned finds the settlement serves the best interests of the minor plaintiff H.G. and is fair and reasonable in light of the facts of the case, the specific claim, and recoveries in similar cases.

Accordingly, **IT IS RECOMMENDED**:

1. The Petition for Approval of Minor's Compromise (Doc. No. 27) be **APPROVED IN FULL** as fair and reasonable;
2. An annuity be purchased from JMW Settlements LLC in the amount of $30,000.00 for the benefit of the minor which will yield a total payout of $48,000.00 over a 3-year period when the minor turns 19;
3. $1,000.00 of the settlement proceeds be released to guardian ad litem and H.G.'s mother Yubiel Magana to be used to obtain a place of residence;
4. Minor's net compensation of $8,825.83 be placed in a blocked account at Noble Credit Union in Fresno, California where it cannot be withdrawn until H.G's eighteenth birthday, absent court order; and
5. The parties be **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice, and lodge a separate order, no later than 45 days after these findings and recommendations are adopted.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     November 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE